# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1881V

|  |  |
|---|---|
| FEI CAI,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Filed: September 23, 2025<br><br>Reissued for Public Availability:<br>June 2, 2026 |

*Fei Cai, Xuzhai Village, ZheJiang Province, China, pro se petitioner.*
*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION DENYING PETITIONER'S MOTIONS FOR INTERIM COSTS[1]

On November 14, 2024, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging she suffered a significant aggravation of contusive chest pain, resulting in chronic chest pain and other symptoms, as a result of a Tetanus diphtheria and acellular pertussis ("Tdap") vaccination of January 28, 2022.  (ECF No. 1, pp. 1, 6.)  The undersigned issued a decision dismissing the petition on September 23, 2025.  (ECF No. 28.)  In the course of proceedings, petitioner filed two motions seeking an award of costs associated with her claim.  (ECF Nos. 24-25.)  For the reasons discussed below, petitioner's motions are hereby **DENIED**.

### I.    Procedural History

Petitioner, acting pro se, initiated this case on November 14, 2024.  (ECF No. 1.)  Along with her petition, petitioner filed a series of documents that mostly consisted of medical records.  (*Id.*)  She filed further medical records in December of 2024.  (ECF No. 10.)  In March of 2025, respondent filed his Rule 4(c) Report, recommending against compensation.  (ECF No. 15.)  Thereafter, the undersigned issued an order to show cause why the case should not be dismissed.  (ECF No. 16.)  On August 11, 2025, petitioner filed her show cause response.  (ECF Nos. 22-23.)

---

[1] Pursuant to Vaccine Rule 18(b), this Decision was initially filed on September 23, 2025, and the parties were afforded 14 days to propose redactions.  The parties did not propose any redactions.  Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

Following the filing of her show cause response, petitioner filed two motions, seeking an award of costs associated with the litigation of her claim.  (ECF Nos. 24-25.)  In her first motion, petitioner requests reimbursement of "translation and mailing fees incurred when [she] initiated this case in 2024."  (ECF No. 24, p. 1.)  The second motion requests reimbursement of medical costs incurred in 2023, 2024, and 2025, as well as an award for "the costs of the proposed medication" and further "tests and imaging [that] need to be completed to determine the full extent of the current body injury."  (ECF No. 25, p. 1.)  On September 3, 2025, respondent filed a response to petitioner's motions, and petitioner filed a reply to respondent's response on September 5, 2025.  (ECF Nos. 26-27.)

On September 23, 2025, I issued a decision determining that petitioner is not entitled to compensation.  (ECF No. 28.)

## II.      Party Contentions

In her August 22, 2025 motion, petitioner seeks an interim award of costs associated with translation and mailing of medical records in connection with the litigation of her claim.  (ECF No. 24.)  On September 3, 2025, petitioner filed a further motion seeking an interim award of medical costs related to evaluation and treatment in 2023, 2024, and 2025; further tests and imaging necessary "to determine the full extent of the current body injury"; and "proposed" prescription medication to treat "anti-fibrosis and anti-inflammatory factors."  (ECF No. 25.)  That same day, respondent filed a response, addressing both motions and arguing that petitioner is not entitled to an award of interim costs because her claim lacks a reasonable basis.  (ECF No. 26, pp. 2, 9-10.)  Thereafter, petitioner filed a reply, in which she asserted that respondent erroneously relied on the criteria for "post-judgment cost," rather than an interim award; that she has demonstrated an undue hardship warranting an award of interim costs; and that respondent's response may be an attempt to prevent petitioner from gathering evidence via further tests and imaging.  (ECF No. 27.)  Although both motions are styled as motions for an award of interim litigation costs, the motions present a mixture of requests, with some requests being better characterized as assertions of her damages for her alleged injury.[3]  Only petitioner's August 22, 2025 motion includes any request reasonably related to litigation costs.

## III.     Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees" and, as relevant here, "other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they

---

[3] That is, some of the costs petitioner seeks to have reimbursed are related to medical treatment of her alleged injury.  In particular, petitioner seeks reimbursement for medical costs associated with tests, imaging, prescriptions, and medical encounters that took place in 2023, 2024, and 2025.  (ECF No. 25, p. 2.)  However, any request for such costs, which would constitute damages under Section 15(a) of the Vaccine Act, is of course precluded by the Decision at ECF No. 28, finding that petitioner is not entitled to compensation for her alleged injury.

are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.[4] *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The reasonable basis inquiry looks at "whether there is a factual basis 'for the claim' raised in the petition." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). To establish a reasonable basis for the filing of the petition, the petitioner need not prove a likelihood of success. *See Woods v. Sec'y of Health & Human Servs.*, No. 10-377V, 2012 WL 4010485, at *6-7 (Fed. Cl. Spec. Mstr. Aug. 23, 2012). Instead, the special master may consider the totality of the circumstances and evaluates whether the objective evidence, while amounting to less than a preponderance of evidence, constitutes "more than a mere scintilla" of evidence. *Cottingham ex rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020); *see also Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 287 (2018). "More than a mere scintilla of evidence" is "evidence beyond speculation that provides a sufficient basis for a reasonable inference of causation." *Cottingham v. Sec'y of Health & Human Servs.*, 154 Fed. Cl. 790, 795 (2021) (quoting *Sedar v. Reston Town Ctr. Prop., LLC*, 988 F.3d 756, 765 (4th Cir. 2021)). Petitioner carries the burden of affirmatively establishing a reasonable basis to recover costs. *E.g.*, *McKellar*, 101 Fed. Cl. at 304.

## IV.    Discussion

As discussed in greater detail in the Decision dismissing the petition at ECF No. 28, there was no factual basis for petitioner's claim that her Tdap vaccination caused or significantly aggravated her chest pain based on the medical records. The medical records demonstrate that petitioner's chest pain was initially attributed to blunt force trauma and that her treaters did not ascertain any unifying diagnosis for her subsequent symptoms. (Ex. 3, p. 1; Ex. 10, p. 1.) Eventually, her treaters began to suggest that petitioner's symptoms could be the result of anxiety (Ex. 20, p. 21; Ex. 25, p. 16), and petitioner admits to experiencing health anxiety in her petition (ECF No. 1, pp. 5-6). In her show cause response, petitioner argued that she suffered a cytokine storm (ECF No. 22); however, no medical opinion and/or contemporaneous medical evaluation supports that assertion.

---

[4] Petitioner focuses on the availability of interim awards, suggesting that the criteria for interim awards focus on hardship. (ECF No. 27, pp. 1-2.) She notes that she is not yet (as of her filing) an unsuccessful petitioner. (*Id*. at 1.) While it is true that the Federal Circuit has authorized awards of interim fees in cases of hardship, the requirement that there be a hardship to justify an interim award is not a substitute for the requirements of Section 15(e)(1) of the Vaccine Act as petitioner appears to believe. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352; *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). Rather, any petitioner seeking an interim award of costs must demonstrate *both* good faith and reasonable basis as required by Section 15(e)(1), *as well as* the type of hardship discussed by petitioner in her reply. *Avera*, 515 F.3d at 1352 (explaining that interim awards are appropriate because "[a] special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis"). The fact that petitioner's case had not yet been dismissed at the time she filed her motion is immaterial. Because I have concluded that this case lacks a reasonable basis, and therefore that no award of costs is appropriate at all, it is not necessary to also address whether any hardship would counsel an award of costs on an interim basis.

Thus, in addition to having found within the dismissal decision that petitioner has not presented preponderant evidence of a vaccine-caused injury (ECF No. 28), I now further find that petitioner's evidentiary showing does not even rise to the lower evidentiary burden of constituting "more than a mere scintilla of evidence" supporting her claim.  Therefore, she has not demonstrated a reasonable basis for the filing of the petition and is not entitled to recover her litigation costs.  Additionally, to the extent that petitioner requests costs associated with further tests and imaging in further pursuit of her claim, there is similarly no reasonable basis for such testing, especially given the lack of any contemporaneous evidence or medical evaluation supporting her framing of the case.  Moreover, as explained in the Decision at ECF No. 28, I have concluded that petitioner has already had a full and fair opportunity to develop the record, and that dismissal is appropriate at this juncture and on this record.

## V.    Conclusion

Accordingly, petitioner's motions for interim costs at ECF Nos. 24-25 are hereby **DENIED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[5]


**IT IS SO ORDERED.**

<u>**s/Daniel Horner**</u>
Daniel Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.